# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4805

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES VICTOR BROADHURST,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00034-MOC-DSC-1)

Submitted: August 31, 2017                    Decided: September 20, 2017

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Federal Public Defender, Interim, Ann L. Hester, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Victor Broadhurst was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Broadhurst pled guilty, reserving the right to appeal the district court's order denying his motion to suppress a firearm recovered after a pat-down search of his person. Broadhurst argues that the district court erred in denying his motion to suppress because the police violated his Fourth Amendment rights by conducting a *Terry** stop without reasonable suspicion and, as a result, the officers' subsequent search for weapons was unlawful.

In an appeal from the denial of a motion to suppress, we review the district court's legal determinations de novo and factual findings for clear error. *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016). We construe the evidence in the light most favorable to the government, *id.*, and defer to the district court's credibility findings. *United States v. Griffin*, 589 F.3d 148, 150 n.1 (4th Cir. 2009).

Consistent with the Fourth Amendment, a police officer may conduct a brief investigatory stop, known as a *Terry* stop, "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). "[I]n connection with such a seizure or stop, if presented with a reasonable belief that the person may be armed and presently dangerous, an officer may conduct a protective frisk." *United States v. Black,* 525 F.3d 359, 364 (4th Cir.

---

* *Terry v. Ohio*, 392 U.S. 1 (1968).

2008). In assessing whether a *Terry* stop was supported by reasonable, articulable suspicion, we must consider the "totality of the circumstances . . . to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citation omitted). "Thus, factors which by themselves suggest only innocent conduct may amount to reasonable suspicion when taken together." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). While an officer's "hunch" will not justify a stop, *Terry*, 392 U.S. at 27, we "give due weight to common sense judgments reached by officers in light of their experience and training." *Perkins*, 363 F.3d at 321. "In cases where an informant's tip supplies part of the basis for reasonable suspicion, we must ensure that the tip possesses sufficient indicia of reliability." *Id.* at 323.

With these standards in mind, after reviewing the parties' briefs and the materials submitted in the joint appendix, and fully considering the arguments, we conclude that the district court did not err in denying the motion to suppress. We therefore affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*